# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PEDRO GUERRERO,

    Plaintiff,

v.                                                                      No. 18-cv-1008 SMV/GJF

ASPENDALE BAPTIST ENCAMPMENT, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiff on October 30, 2018. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Specifically, the Complaint fails to allege the citizenship of Plaintiff and Defendant's state of incorporation. Therefore, Plaintiff must file an amended complaint no later than **December 4, 2018**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On October 30, 2018, Plaintiff filed his Complaint against Defendant, arising from Plaintiff's fall from a "tree belay recreational activity" on Defendant's premises. [Doc. 1] at 3. Plaintiff asserts claims for negligence and violation of the New Mexico Unfair Practices Act. *Id.*

at 5–7. He asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties have diverse citizenship and the amount in controversy exceeds $75,000. *Id.* at 1.

Plaintiff asserts that he "resid[es] in El Paso, Texas." *Id.* He asserts that Defendant "is a New Mexico nonprofit corporation with its principal place of business in Otero County, New Mexico." *Id.* Furthermore, he claims that the amount in controversy exceeds $75,000. *Id.* However, Plaintiff makes no allegation about his own *citizenship* nor any explicit allegation of Defendant's state of incorporation. *See* [Doc. 1].

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in his complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain

2

in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A corporation is deemed to be a citizen of both the state in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c).

Here, the facts set forth in the Complaint do not sufficiently establish Plaintiff's citizenship because they address only his residence. Further, the allegations fail to adequately establish the citizenship of Defendant because there is no explicit allegation of Defendant's state of incorporation.[1]

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff must amend his Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **December 4, 2018**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **December 4, 2018**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

                                        **STEPHAN M. VIDMAR**
                                        **United States Magistrate Judge**

---

[1] Moreover, it appears that Defendant was incorporated in Texas. Taxable Entity Search, TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, https://mycpa.cpa.state.tx.us/coa/coaSearchBtn (enter "Aspendale Baptist" as "Entity Name," click "search;" then click on "details") (indicating Defendant's state of formation is Texas); Business Search, NEW MEXICO SECRETARY OF STATE, https://portal.sos.state.nm.us/BFS/online/CorporationBusinessSearch (enter "Aspendale Baptist" as "Entity Name," click "search;" then click on entry titled "Aspendale Baptist Encampment, Inc.") (indicating Defendant's domestic state is Texas). *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (courts may take judicial notice of facts in the public record).